UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

NORTHWEST ENVIRONMENTAL
ADVOCATES, a non-profit corporation,

    Plaintiff,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, a United States
Government Agency,

    Defendant,

v.

STATE OF OREGON and the OREGON
WATER QUALITY STANDARDS GROUP,
an *ad hoc* coalition,

    Intervenor-Defendants.

Case No. 3:12-cv-01751-AC

ORDER

ACOSTA, Magistrate Judge:

    The Freshwater Trust ("TFT"), a 501(c)(3) not-for-profit conservation organization, seeks to join this litigation as an intervenor-defendant. The court deems oral argument unnecessary for resolution of this motion. For the following reasons, TFT's Motion to Intervene [58] is granted.

1    - ORDER

*Background*

The initial Complaint in this case was filed on September 27, 2012, challenging the U.S. Environmental Protection Agency's (EPA) approval and failure to approve several temperature and mercury Total Maximum Daily Loads (TMDLs) established by the State of Oregon. The State of Oregon intervened in this matter as an intervenor-defendant on February 1, 2013 and the Oregon Water Quality Standards Group intervened in this matter as a second intervenor-defendant on January 27, 2014. At this time, the parties have been engaged in settlement negotiations and no substantive motions have been filed. The first dispositive motion is due April 14, 2014. TFT is a not-for-profit conservation organization that works to preserve and restore freshwater ecosystems, in part, through water quality trading programs. On February 21, 2014, TFT moved to intervene in this matter as an intervenor-defendant. TFT's Motion to Intervene is unopposed.

*Standards*

Federal Rule of Civil Procedure 24 provides for two types of intervention by a private party: intervention as a matter of right and permissive intervention. FED. R. CIV. P. 24. Intervention as a matter of right must be granted on a timely motion to anyone who "claims an interest to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Id.* The Ninth Circuit has developed a four-part test to evaluate applications for intervention as a matter of right. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2012). The applicant must demonstrate that:

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

2    - ORDER

*Id.* (citations and quotation omitted).

Permissive intervention is appropriate on a timely motion when an applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). To satisfy the requirements of Rule 24(b), the applicant must prove that: "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

Regardless of what type of intervention is sought, the Ninth Circuit upholds a liberal policy in favor of intervention. *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011). Such a policy allows for "both efficient resolution of issues and broadened access to the courts." *Id.* (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 197 (9th Cir. 2002)).

*Analysis*

TFT asserts that it is entitled to intervene in this action as a matter of right, or in the alternative, that this court should grant it permissive intervention.

I. <u>Intervention as a Matter of Right</u>

A. Timeliness

Timeliness is "'the threshold requirement' for intervention as of right." *League of United Latin Am. Citizens v. Wilson ("LULAC")*, 131 F.3d 1297, 1302 (9th Cir. 1997) (quoting *United States v. Or.*, 913 F.2d 576, 588 (9th Cir. 1990)). In determining whether a motion to intervene is timely, a court should consider "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Id.* (quotation omitted).

In this case, the first two factors plainly weigh in favor of a finding of timeliness. There have been no dispositive motions filed and none of the parties oppose intervention. The third factor, the

3    - ORDER

reason for and length of the delay, weighs against intervention because TFT waited seventeen months to seek intervention. The reason provided for the delay is that TFT had initially hoped this litigation would not impact its operations, but has since lost a potential contract due, in part, to this lawsuit. This reasoning does not justify the delay as a person "seeking to intervene must act as soon as he knows or has reason to know that his interests *might* be adversely affected by the outcome of the litigation." *United States v. Or.*, 913 F.2d 576, 588 (9th Cir. 1990) (emphasis added and quotation omitted). However, this court must evaluate the totality of the circumstances and "[m]ere lapse of time alone is not determinative." *Orange County v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986). In light of the fact that none of the other parties oppose intervention, that no dispositive motions have been filed, and that intervention will not delay resolution of any forthcoming dispositive motions, the court finds that TFT's Motion to Intervene is timely.

B. Significant Protectable Interest

To demonstrate that an applicant has a significant protectable interest justifying intervention, the applicant must show that the "interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d at 1179 (citation and quotation omitted). An applicant can demonstrate a sufficient interest for intervention as of right "if it will suffer a practical impairment of its interests as a result of the pending action." *Id.* (quoting *Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006)).

The Clean Water Act requires each state to periodically identify all waters within its borders that do not meet water quality standards. 33 U.S.C. § 1313(d). For each water placed on the impaired-waters list, the state is required to establish a TMDL for that water and submit it to the EPA for approval. A TMDL establishes the maximum amount of a pollutant that can be discharged into

4    - ORDER

a water from all combined sources without violating water quality standards. *Id.*; 40 C.F.R. §§ 130.2(f), 130.7(c). A TMDL must allocate wasteloads amongst various sources of pollution and any source of pollution seeking a discharge permit under the CWA must comply with its wasteload allocation. 40 C.F.R. §§ , 122.44(d), 130.2, 130.7(c).

As one portion of its activities, TFT enters into contracts with sources of pollution to provide those entities with temperature credits for TMDL compliance. TFT currently has a contract with the City of Medford, which must comply with the Rogue River TMDL, one of the TMDLs challenged in this suit. Additionally, TFT alleges that it lost a contract with City of Wilsonville, at least in part, due to this lawsuit. TFT is concerned that vacatur of the challenged TMDLs will impact its ability to conduct river restoration efforts. Because TFT's existing and potential contracts may be impacted by this lawsuit, TFT's interests are significant and protectable, and the disposition of this case may impair those interests. Accordingly, TFT has satisfied the second and third requirements for intervention as a matter of right.

    C. Representation of TFT's Interests

To satisfy the final requirement for intervention as of right, TFT must show "that the existing parties may not adequately represent [its] interest." *Citizens for Balanced Use v. Mt. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011). The Ninth Circuit evaluates the adequacy of representation by examining three factors: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). "The 'most important factor' in assessing the adequacy of representation is 'how the [applicant's] interest compares with the interests of existing parties.'"

*Citizens for Balance Use*, 647 F.3d at 898 (quoting *Arakaki*, 324 F.3d at 1086). However, where "an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises." *Id.* (citing *LULAC*, 131 F.3d at 1305). This presumption of adequacy applies when the government is acting on behalf of a constituent and it must be rebutted with a "compelling showing" of inadequacy. *Id.*

Although TFT seeks to intervene on the same side of the litigation as defendant and intervenor-defendants, the presumption of adequacy does not apply because TFT does not share the same ultimate objectives as those defendants. TFT is concerned not only with protecting its interests in existing contracts, but also in reducing uncertainty in order to allow polluters to engage TFT to carry out its mission of freshwater restoration and preservation. In addition to potential differences between TFT and other defendants during the merits, it is readily apparent that TFT's interests will diverge from those of the other defendants during any litigation concerning remedies. As such, the governmental defendants may not adequately represent TFT's interests. Because TFT has satisfied all four factors for intervention as a matter of right, it will be granted status as an intervenor-defendant.

## *Conclusion*

For the foregoing reasons, the TFT's Motion to Intervene [58] is GRANTED. TFT shall follow the same briefing schedule as the other intervenor-defendants.

IT IS SO ORDERED.

DATED this 19th day of March, 2014.

JOHN V. ACOSTA
United States Magistrate Judge

6   - ORDER