BRYAN TELEGIN, OSB # 105253
Bricklin & Newman, LLP
1424 4th Ave., Ste. 500
Seattle, WA 98101
Tel: (206) 264.8600
Fax: (206) 264.9300
Email: telegin@bnd-law.com

ALLISON LaPLANTE, OSB # 023614
Earthrise Law Center
10101 S. Terwilliger Blvd.
Portland, OR 97219
Tel: (503) 768-6894
Fax: (503) 768-6642
Email: laplante@lclark.edu

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES, an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, a United States Government Agency,<br><br>Defendant,<br><br>and | Civil No.: 3:12-cv-01751-HZ<br><br>**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

MOTION FOR ATTORNEYS' FEES AND COSTS – Page 1

STATE OF OREGON; OREGON WATER
QUALITY STANDARDS GROUP; and THE
FRESHWATER TRUST,

                Intervenors-Defendants.

### I.    MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiff Northwest Environmental Advocates ("NWEA") submits this motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), the Clean Water Act ("CWA"), and the Endangered Species Act ("ESA"). NWEA requests an award of attorney's fees and litigation expenses in the amount of $534,027.94.

NWEA files this motion to ensure timely filing as required by EAJA, 28 U.S.C. §§ 2412(d)(1)(B) and 24(d)(2)(G). But as stated in the Court's Order of November 3, 2020 (ECF No. 227), NWEA plans to work with Defendant Environmental Protection Agency ("EPA") in an effort to settle NWEA's fee claim. If EPA and NWEA are unable to settle, they will notify the Court by January 20, 2021 and propose a briefing schedule, including deadlines for NWEA to file additional supporting materials, for responses, and for NWEA's reply.

### II.    MEMORANDUM IN SUPPORT

NWEA's claims in this case arose under three statutes: the CWA, the ESA, and the Administrative Procedure Act ("APA"). NWEA is entitled to an award of attorneys' fees and costs under each of these statutes.

    **A.    NWEA Is Entitled to an Award of Fees and Costs under EAJA.**

This Court is authorized to award NWEA its reasonable attorneys' fees and litigation expenses pursuant to EAJA, which provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition

MOTION FOR ATTORNEYS' FEES AND COSTS – Page 2

> to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). NWEA is entitled to its requested fees and costs under EAJA because: (1) NWEA meets EAJA's eligibility requirements, (2) NWEA is a prevailing party, (3) counsel's rates and hours are reasonable for a case of this nature, and (4) EPA's position was not substantially justified.

### 1.    NWEA is eligible for an EAJA award.

An organization meets EAJA's eligibility requirements if it is a non-profit 501(c)(3) organization with fewer than 500 employees, or if it is an organization with fewer than 500 employees and a net worth less than $7,000,000 at the time the lawsuit was filed. 28 U.S.C. § 2412(d)(2)(B). NWEA meets all of these requirements. *See* Declaration of Nina Bell in Support of Plaintiff's Motion for Attorneys' Fees and Costs ("Bell Dec."), ¶ 3.

### 2.    NWEA is a prevailing party.

EAJA's prevailing party standard is satisfied when a plaintiff achieves some success on the merits based on a court ruling. Success can be "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quotations omitted). As the Ninth Circuit has explained, "[a] litigant need not prevail on every issue, or even on the 'central issue' in the case, to be considered a prevailing party. It is enough that he succeeded on any significant claim affording some of the relief sought. . . ." *Stivers v. Pierce*, 71 F.3d 732, 751 (9th Cir. 1995).

The results NWEA achieved easily meet this test. In his Findings and Recommendation ("F&R") dated October 12, 2016, Judge Acosta granted NWEA summary judgment on its

primary APA claim—namely, that the Total Maximum Daily Loads (TMDLs) established by Oregon and approved by EPA concerning temperature impairments were not calculated to attain "applicable standards," and were therefore illegal under Section 303(d) of the CWA, 33 U.S.C. § 1313(d). *See* ECF No. 132 at 26–30. Judge Acosta ruled that two other APA claims need not be addressed in light of that ruling. *See id.* at 32–34. But the end result was the same—EPA's approval actions were arbitrary, capricious, and not in accordance with the law. *See id.* at 2 ("[T]he court finds that EPA acted arbitrarily and capriciously, and violated the CWA, by approving the TMDLs which did not implement the applicable water quality standards and, in fact, established new temperature criteria."). This ruling was adopted in the Court's Order dated April 11, 2017 (*see* ECF No. 149 at 3), and later formed the basis of substantial relief—an order directing Oregon and EPA to establish new TMDLs. *See generally* ECF No. 190 (Opinion and Order on remedies); ECF No. 207 (Final Order and Judgment).

In addition to the claims concerning the temperature TMDLs, NWEA also brought an APA claim challenging EPA's approval of Oregon's mercury TMDL for the Willamette River basin. *See* ECF No. 11 at 40–41. Following NWEA's filing of its motion for summary judgment on this claim (*see* ECF No. 78 at 29–35), EPA moved for voluntary remand (*see* ECF No. 89). Judge Acosta granted that motion, but in doing so, also granted NWEA's request—over EPA's objection—that EPA and Oregon be put on a strict timeline for establishing a new mercury TMDL. *See* ECF No. 133 at 27–28 (ordering new mercury TMDL within two years). This changed the legal relationship between the parties and provided substantial relief on this claim. *See Jianping Li v. Keisler*, 505 F.3d 913, 917 (9th Cir. 2007) (prevailing party standard met where the court's action "resulted in a 'material alteration of the legal relationship of the parties' and the alteration was 'judicially sanctioned.'"(citations omitted); *see also id.* at 919 (noting that

"the petitioner would be entitled to reasonable attorney fees where the government requests a remand to reevaluate the prior proceedings due to a misapplication of, or failure to apply, controlling law and where there is no new law or claims of new facts"). Thus, NWEA is a prevailing party on its APA claims.

### 3. NWEA's attorneys' and law clerks' hours expended and rates requested are reasonable.

"The preferred method of calculating reasonable attorney's fees is the 'loadstar' method." *League of Wilderness Defs./Blue Mountains Biodiversity Project v. U.S. Forest Serv.*, 2014 WL 3546858, at 6 (D. Or. July 15, 2014), quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551–52 (2010). The loadstar amount is calculated by multiplying the number of hours reasonably spent on litigation by a reasonable hourly rate. *Id*. This method "produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue,* 559 U.S. at 551 (emphasis in original). Here, the rates requested by NWEA's attorneys and law clerks and the hours spent on litigation were reasonable.

#### a) The hours expended by NWEA's attorneys and law clerks were reasonable.

As explained in the declarations filed herewith, and as shown on the master fees and costs spreadsheets attached thereto, NWEA has already eliminated or reduced much of its time on this case, including time spent on certain claims on which NWEA did not prevail and which could be segregated from successful claims, as well as numerous other categories of time that counsel have reasonably determined to be excessive, redundant, or otherwise not compensable. *See* Declaration of Allison LaPlante in Support of Plaintiff's Motion for Attorneys' Fees and Costs ("LaPlante Dec."), ¶¶ 4–6; Declaration of Bryan Telegin in Support of Plaintiff's Motion for

Attorneys' Fees and Costs ("Telegin Dec."), ¶ 7; *see also Hensley*, 461 U.S. at 440 (hours for unsuccessful claims should only be excluded when they are "distinct in all respects from [] successful claims"); *McDaniel*, 2011 WL 4625715, at 3 (awarding full fees for one successful claim and half of the fees sought on remaining seven unsuccessful claims due to interrelatedness); *Or. Natural Desert Ass'n v. Vilsack*, 2013 WL 3348428, at 3, 5 (D. Or. July 2, 2013) (rejecting most of government's attacks on counsel's expenditures of time). As supplemental declarations will more specifically establish, the hours expended on this case are reasonable in light of the scope and complex subject matter of the case, the nature of the defendants' litigation strategy, and the billing judgment exercised and reductions already made by counsel.[1]

                **b)**    **The rates requested by NWEA's attorneys and law clerks are reasonable.**

As an initial matter, the default EAJA rate of $125 per hour does not apply here. The rate cap applies "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit has held that three requirements must be satisfied before the statutory limit may be exceeded. "First, the attorney must possess distinctive knowledge and skills developed through a practice specialty. Secondly, those distinctive skills must be needed in the litigation. Lastly, those skills must not be available elsewhere at the statutory rate." *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991); *see also*

---

[1] If settlement negotiations are unsuccessful, NWEA intends to seek additional fees for the time spent recovering its fees, which are presently not fully included in this petition. *Gonzalez v. City of Maywood,* 729 F.3d 1196, 1210 (9th Cir. 2013).

MOTION FOR ATTORNEYS' FEES AND COSTS – Page 6

*Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009). As discussed below, all three requirements are met here. The statutory limit is inapplicable.

First, the Ninth Circuit has long recognized environmental litigation as an "identifiable practice specialty that requires distinctive knowledge." *Love*, 924 F.2d at 1496. *See also Nat'l Wildlife Fed'n v. Fed. Energy Regulatory Comm'n*, 870 F.2d 542, 547 (9th Cir.1989) (enhanced fees for environmental law specialization) *abrogated on other grounds by Comm'r I.N.S. v. Jean*, 496 U.S. 154, 157. "In the Ninth Circuit, enhanced rates may be appropriate where attorneys have 'expertise with a complex statutory scheme; familiarity and credibility with a particular agency; and understanding of the needs of a particular class of clients ... and of how those needs could best be met under the existing statute and regulations.'" *League of Wilderness Defs./Blue Mountains Biodiversity Project v. U.S. Forest Serv.*, 2014 WL 3546858, at 12 (D. Or. July 15, 2014) (citation omitted).

The lawyers on this case meet the Ninth Circuit's requirements for specialized knowledge in environmental law. *See* LaPlante Dec., ¶¶ 8–15; Telegin Dec., ¶¶ 2–6. If the parties do not settle this matter, NWEA will also file supplemental declarations explaining in detail that the lawyers who have litigated this case have spent their legal careers focused on environmental law, and specifically on the statutes underlying this case, and possess the requisite distinctive knowledge.

Second, NWEA's attorneys' distinctive knowledge and skills were needed in the litigation. This lawsuit was rooted in violations of the Clean Water Act and Endangered Species Act, both complex statutory schemes intended to protect the environment and related resources. Additionally, this case required extensive experience and knowledge of temperature water quality standards, and their impacts to species, to understand the complex factual basis

MOTION FOR ATTORNEYS' FEES AND COSTS – Page 7

underpinning each of the TMDLs at issue in this case. Attorneys for NWEA relied upon their expertise and understanding of these statutory schemes and underlying facts to advance robust legal arguments and execute an effective litigation strategy that ultimately resulted in success on the merits, and associated relief, for NWEA.

Third, NWEA considered potential attorneys to bring this case on its behalf. In the past NWEA has been unable to find any suitable counsel who would take a case like this at the EAJA hourly rate of $125/hour, so NWEA focused on attorneys who it knew might be willing to take the case at higher contingent rates based on their training and experience. Bell Dec. ¶ 4. NWEA sought attorneys with extensive experience, skill, and understanding of the CWA and ESA, and temperature water quality standards and TMDLs in Oregon. *Id*. at ¶ 5. NWEA retained Ms. LaPlante and Mr. Telegin, who both participated in earlier litigation regarding temperature water quality standards and Natural Conditions Criteria, and whose expertise was crucial to the success of this follow-on litigation. *Id*. at ¶¶ 5–6.

Finally, the rates requested are reasonable and based on relevant market rates. Reasonable hourly rates are set by "prevailing market rates in the relevant community[.]" *Foraker v. USAA Cas. Ins. Co.*, 2020 U.S. Dist. LEXIS 103250, at 8 (D. Or. June 12, 2020) quoting *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

If this matter is not settled, supplemental declarations will explain how the rates were calculated and justified for each attorney on the case over the past eight years. They will establish that the rates for Mr. Telegin and Ms. LaPlante are the market rates in Portland, Oregon for attorneys of their experience, expertise, and reputation. NWEA's counsel's rates, as well as

MOTION FOR ATTORNEYS' FEES AND COSTS – Page 8

law clerk rates, are consistent with rates that this Court has awarded for similar work on environmental cases in Portland. *See, e.g., League of Wilderness Defs./Blue Mountains Biodiversity Project v. Turner*, 305 F. Supp. 3d 1156, 1170 (D. Or. 2018)*; Greenpeace, Inc. v. Stewart*, 2020 U.S. App. LEXIS 15577, at 6 (9th Cir. May 12, 2020). Additionally, these rates are consistent with the results obtained by the Oregon State Bar's recent hourly rate surveys, as referenced in LR 54-3.

    **4.  The government's position was not substantially justified.**

To avoid an award of fees under EAJA, EPA bears the burden of establishing that its position was substantially justified. *Or. Natural Res. Council v. Marsh*, 52 F.3d. 1485, 1492 (9th Cir. 1995). To meet this burden, EPA "must prove that [its] position had a reasonable basis in both law and fact." *Yang v. Shalala*, 22 F.3d 213, 217 (9th Cir. 1994). This Court ruled in NWEA's favor based on well-established law and ample support (or lack thereof) in the administrative record. EPA cannot carry its burden that its positions were substantially justified. Nor are there any "special circumstances" that would make a fee award unjust.

  **B.  NWEA's Is Entitled to an Award of Fees and Costs under the CWA.**

Unlike NWEA's APA claims, NWEA's Second Claim for Relief arose under the citizen suit provision of the CWA, 33 U.S.C. § 1365(a)(2), alleging that EPA failed to undertake a non-discretionary duty when it failed to review new or revised water quality criteria in Oregon's temperature TMDLs. *See* ECF No. 11 at 34–35. Judge Acosta granted summary judgment to NWEA on this claim (*see* ECF No. 132 at 30–32), which this Court later adopted (*see* ECF No. 149 at 3).

Under Section 505(d) of the CWA, courts "may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party,

whenever the court determines such award is appropriate." 33 U.S.C. § 1365(d); *see also St. John's Organic Farm v. Gem County Mosquito Abatement Dist.*, 574 F.3d 1054, 1058 (9th Cir. 2009). Applied here, NWEA is a prevailing party because, as discussed above, it "obtained judicially enforceable 'actual relief on the merits of [its] claim that materially alter[ed] the legal relationship between the parties.'" *Id.* at 1058–59 (citation omitted). Further, an award of attorneys' fees is appropriate under the CWA because no "special circumstances" exist that would make a fee award unjust. *See id.* at 1063 ("[T]he district court may deny attorney's fees to a prevailing plaintiff under § 1365(d) only where there are 'special circumstances.'"). The special circumstances standard is applied narrowly. *Id.* at 1064.

        C.        **NWEA Is Entitled to an Award of Fees and Costs under the ESA.**

Last, NWEA's sixth and seventh claims for relief arose under the citizen suit provision of the ESA, 16 U.S.C. § 1540(g)(1)(A). *See* ECF No. 11 at 38–39. NWEA's sixth claim alleged that EPA violated the ESA by failing to engage in Section 7 consultation on the challenged temperature TMDLs. *See* ECF No. 38. NWEA's seventh claim alleged that EPA violated the ESA by failing to consult on the full scope of the Willamette Basin temperature TMDL. *Id.* at 39. NWEA succeeded on these claims.

The ESA provides that "[the] court, in issuing any final order in any suit brought pursuant to [this provision], may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." 16 U.S.C. § 1540(g)(3)(A). "Whether an award of attorneys' fees is 'appropriate' in citizen suit cases brought under the ESA and other 'appropriateness' fee-shifting statutes is measured by whether a party 'achiev[ed] some success, even if not major success.'" *Conservation Force v. Salazar*, 753 F. Supp. 2d 29, 33 (D.D.C. 2010), quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 688

MOTION FOR ATTORNEYS' FEES AND COSTS – Page 10

(1983). *See also Ass'n of Cal. Water Agencies v. Evans*, 386 F.3d 879, 884–885 (9th Cir. 2004) ("[T]here is clear evidence that Congress intended that a plaintiff whose suit furthers the goals of a 'whenever . . . appropriate' statute be entitled to recover attorney's fees.") (citations omitted).

In his F&R, Judge Acosta initially ruled against NWEA on the ESA claims. *See* ECF No. 132 at 34–45. However, following NWEA's successful objection to this aspect of Judge Acosta's F&R (*see* ECF Nos. 140 & 148), the Court declined to adopt Judge Acosta's ruling on the ESA claims and granted summary judgment in NWEA's favor. *See* ECF No. 149 at 4–22. This ruling achieved success for NWEA on its ESA claims, and an award of fees and costs under the citizen suit provision is appropriate.

### III.    CONCLUSION

For the reasons above, NWEA respectfully requests the Court grant its request for attorneys' fees and cost in the amount of $534,027.94.

DATED this 18th day of November, 2020.

Respectfully submitted,

| BRICKLIN & NEWMAN, LLP | EARTHRISE LAW CENTER |
|---|---|
| s/ Bryan Telegin | s/ Allison LaPlante |
| Bryan Telegin, OSB # 105253 | Allison LaPlante, OSB # 023614 |
| | *Attorneys for Plaintiff NWEA* |

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 2,970 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED this 18th day of November, 2020.

BRICKLLIN & NEWMAN, LLP


 s/ Bryan Telegin
Bryan Telegin, OSB # 105253