BRYAN TELEGIN, OSB # 105253
Bricklin & Newman, LLP
1424 4th Ave., Ste. 500
Seattle, WA 98101
Tel: (206) 264.8600
Fax: (206) 264.9300
Email: telegin@bnd-law.com

ALLISON LaPLANTE, OSB # 023614
Earthrise Law Center
10101 S. Terwilliger Blvd.
Portland, OR 97219
Tel: (503) 768-6894
Fax: (503) 768-6642
Email: laplante@lclark.edu

Attorneys for Plaintiff


# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION


NORTHWEST ENVIRONMENTAL
ADVOCATES, an Oregon non-profit
corporation,

          Plaintiff,

    v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, a United States
Government Agency,

          Defendant,

   and

Civil No.: 3:12-cv-01751-HZ

**DECLARATION OF ALLISON
LaPLANTE IN SUPPORT OF
PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS**

STATE OF OREGON; OREGON WATER
QUALITY STANDARDS GROUP; and THE
FRESHWATER TRUST,

                    Intervenors-Defendants.

————————————————————————

I, Allison LaPlante, hereby declare:

1.   I make this declaration in support of Plaintiff's Motion for Attorneys' Fees and Costs

pursuant to the Clean Water Act ("CWA"), Endangered Species Act ("ESA"), and the Equal

Access to Justice Act ("EAJA").

2.   I represent Plaintiff Northwest Environmental Advocates ("NWEA") in the above-

captioned matter. I have been an attorney on this case since its inception.

3.   I have been a member in good standing of the Oregon Bar since 2002. I am also a

member of the bars of the United States District Court for the District of Oregon, the Ninth

Circuit, D.C. Circuit, Third Circuit, and the United States Supreme Court. I make this declaration

based upon my own personal knowledge and am competent to testify thereto.

4.   As I and my co-counsel will explain in more detail in supplemental declarations if

the parties' settlement negotiations fail, we contemporaneously compiled, and exercised

professional billing judgment in recording, the hours we spent developing, litigating, and

attempting to settle certain aspects of this case.

5.   In preparing this fee and cost petition, I compiled and carefully analyzed all of the

contemporaneously recorded hours kept by all attorneys and student law clerks on this matter. I

exercised professional billing judgment, in accordance with applicable legal precedent regarding

attorney fee awards, in deciding which hours to eliminate or reduce from our total request.

6.   Attached as Exhibit A is the compilation of all attorney and law clerk time in this case, as

comprehensively reviewed and edited by me. Exhibit A reflects elimination of numerous entries,

DECLARATION OF ALLISON LaPLANTE IN SUPPORT OF PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES AND COSTS – Page 2

which are highlighted in yellow and contain a $0 in the right-hand column. I eliminated, *inter alia,* all time related to:

    a.      researching, developing, and drafting arguments on which NWEA did not prevail at the summary judgment stage, to the extent such time was reasonably separable from time spent on arguments on which NWEA did prevail;

    b.      time related to communicating with and responding to arguments presented by private intervenors in this action;

    c.      student meetings or class discussions that served largely a clinical educational function rather than a litigation function;

    d.      student time that ended up being duplicated by other subsequent student work;

    e.      student or attorney time that, through the exercise of my judgment, I considered to be excessive, unnecessary, or not relevant to NWEA's success on this case.

    7.   The Earthrise time submitted as Exhibit A does not include any of the time Earthrise has spent working on the fee petition and supporting materials. That time is compensable. *See Gonzalez v. City of Maywood,* 729 F.3d 1196, 1210 (9th Cir. 2013). If the parties do not settle NWEA's claim for fees, NWEA's supplemental materials will include timesheets reflecting the fees sought for time related to the fee litigation itself.

    8.   I am entitled to market rates because of my expertise and experience in environmental law (specifically, expertise in matters pertaining to the CWA and water quality standards, and aquatic species protections), administrative law, and federal courts practice, and because there are a limited number of qualified attorneys with this expertise in Oregon who are available to work on a pro bono basis. As supplemental declarations will explain in detail, and as paragraphs 9–12 below explain briefly, I have spent my legal career (with the exception of initial federal

judicial clerkship) focused *entirely* on environmental law, and *specifically* on the statutes underlying this case.

9.   I am a Clinical Professor of Law at Lewis & Clark Law School, a position I have held since 2005, and am Co-Director of Earthrise Law Center, the environmental litigation clinic located at the law school, a position I have held since 2017. Lewis & Clark's environmental law program has been ranked #1 or #2 in the nation nearly every year since 1997. We have earned this peer-generated national ranking in no small part from the reputation of the school's Earthrise litigation clinic. At Earthrise, law students earn academic credit or pay for working closely with attorneys on all aspects of litigation over the course of an entire academic year or summer. We typically bring complex, environmental cases in federal court. In matters of regional or national significance, we also regularly submit briefs on behalf of *amici* in the courts of appeals and the United States Supreme Court. National Jurist ranked us as one of the most successful clinics in the country. Earthrise is a selective and rigorous student experience. We treat our students like associates in our firm, and as such, we expect high quality work and dedication.

10.   During my time at Earthrise, the vast majority of my legal work has focused on water pollution, water quality standards, and aquatic species protection. I have successfully litigated or settled dozens of cases brought in federal court under the Clean Water Act and Endangered Species Act, as well as litigated or settled many other cases under other environmental statutes. As one example relevant here, I was the lead lawyer on NWEA's case in this Court successfully challenging Oregon's temperature water quality standards and the Natural Conditions Criteria—the case that was a precursor to the instant litigation. *See Northwest Environmental Advocates v. EPA*, 855 F.Supp.2d 1199 (D. Or. 2012).

DECLARATION OF ALLISON LaPLANTE IN SUPPORT OF PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES AND COSTS – Page 4

11. I have also represented law faculty and nonprofit organizations as *amici* in numerous environmental cases before the United States Supreme Court, the Ninth Circuit, and the Third Circuit.

12. Additionally, I am regularly invited to speak at legal conferences, academic and clinical conferences, CLEs, and other events, both in the Pacific Northwest and across the country, due to my expertise in these areas of environmental law.

13. I am myself a graduate of Lewis & Clark Law School (J.D. 2002, *cum laude*), and before joining the Earthrise staff I clerked for more than two years for U.S. District Court Judge Garr M. King in the District of Oregon.

14. The other attorneys at Earthrise who have contributed to this case are also eligible for enhanced rates. Dan Mensher was a Clinical Professor at Lewis & Clark from 2008 to 2013. Mr. Mensher was my co-counsel in the first case on the Natural Conditions Criteria. He then helped develop and begin litigating this case before leaving Earthrise. Mr. Mensher is a 2007 graduate of Lewis & Clark Law School. He held a judicial clerkship with the Oregon Court of Appeals before joining Earthrise. While at Earthrise, Mr. Mensher focused almost exclusively on cases brought pursuant to the Clean Water Act and Endangered Species Act, like this case. Mr. Mensher is now a partner at Keller Rohrback in Seattle, where environmental law continues to be one of his specialties.

15. Kathryn Roberts was a Legal Fellow with Earthrise from 2017–2019, a very selective position within the clinic which is awarded to only one candidate each year for a two-year term. Ms. Roberts graduated from Lewis & Clark Law School (J.D. *magna cum laude*) in 2017, where she earned a certificate in Environmental and Natural Resources Law and was inducted into the Cornelius Honor Society upon graduation. During her time at Earthrise, Ms. Roberts worked on

cases brought under a number of environmental statutes including the National Environmental Policy Act ("NEPA") and the Clean Air Act ("CAA"), as well as under the CWA and ESA. Having completed her two-year fellowship, Ms. Roberts now serves as Deputy District Counsel at the South Coast Air Quality Management District in California.

16.   The rates used for all Earthrise attorney and student time were calculated with reference to the Oregon Bar Survey, as required by this Court's Local Rules, as well as case law within this Court on appropriate rates for attorneys with similar experience in Portland, Oregon. Supplemental declarations will elaborate on the rate-setting process and appropriateness of our rates. These supplemental declarations will also explain how the rates for student law clerk and paralegal time were established.

17.   Below is a chart summarizing the rates and associated fees we are seeking for all Earthrise time, as reduced through my billing judgment:

///

///

///

///

///

///

///

///

///

| Earthrise Attorney and Law Clerk Fees & Costs Summary | | | | | |
|---|---|---|---|---|---|
| **Attorney (J.D. received)** | **Year** | **Yrs. Experience** | **Hours Sought** | **Rates** | **Attorney Fees** |
| Allison LaPlante (2002) | 2012 | 10 | 10.7 | $335 | $3,584.50 |
| | 2013 | 11 | 42.5 | $350 | $14,875.00 |
| | 2014 | 12 | 34.0 | $375 | $12,750.00 |
| | 2015 | 13 | 27.4 | $390 | $10,686.00 |
| | 2016 | 14 | 80.9 | $400 | $32,360.00 |
| | 2017 | 15 | 25.3 | $420 | $10,626.00 |
| | 2018 | 16 | 40.7 | $445 | $18,111.50 |
| | 2019 | 17 | 15.6 | $475 | $7,410.00 |
| | 2020 | 18 | 2.9 | $500 | $1,450.00 |
| Daniel Mensher (2007) | 2012 | 5 | 0.8 | $250 | $200.00 |
| | 2013 | 6 | 14.7 | $255 | $3,748.50 |
| Kathryn Roberts (2017) | 2017 | 0 | 31.65 | $245 | $7,754.25 |
| | 2018 | 1 | 28.4 | $250 | $7,100.00 |
| Student Law Clerk | 2013 | | 51.1 | $125 | $6,387.50 |
| | 2014 | | 85.5 | $125 | $10,687.50 |
| | 2015 | | 172.8 | $130 | $22,469.20 |
| | 2016 | | 71.5 | $130 | $9,295.00 |
| | 2017 | | 14.8 | $130 | $1,924.00 |
| | 2018 | | 91.1 | $145 | $13,209.50 |
| Paralegal | 2016 | | 2.0 | $155 | $310.00 |
| | 2018 | | 14.5 | $175 | $2,537.50 |
| | | | Fees | | $197,475.95 |
| | | | Litigation Costs | | $172.39 |
| | | | Attorneys Fees & Costs | | $197,648.34 |

18.  Nina Bell, in addition to her role as NWEA's Executive Director, functioned as a part-time law clerk in this matter during the summary judgment briefing process. Ms. Bell completed research and writing, as well as performed record review and other tasks at the request of Ms. LaPlante and Mr. Telegin to aid them in preparation of litigation materials. The time sought for

DECLARATION OF ALLISON LaPLANTE IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS – Page 7

Ms. Bell is no different in nature than the time sought for the Earthrise student law clerks in this case. NWEA seeks the same law clerk rates for Ms. Bell's time, despite the fact that Ms. Bell has a J.D., and has many years of experience and knowledge of the subject matter, which made the value of her time much higher than that of a typical law clerk. Work completed by Ms. Bell, had she not been the one to do it, would have been assigned to a student law clerk, whose timesheets we would similarly include for fee calculation purposes. Alternatively, that work would have been completed by Mr. Telegin or Ms. LaPlante, who bill at substantially higher rates.

19.   Attached as Exhibit B is a spreadsheet of Ms. Bell's time spent as a law clerk during the summary judgment briefing. As with Exhibit A, Exhibit B contains rows highlighted in yellow and "zeroed out" in the right-hand column. I excised this time by applying the same billing judgment I applied to Earthrise law clerk time. Additionally, this spreadsheet does not contain any time entries for numerous hours Ms. Bell spent on this case in her capacity as a client representative.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated this 18th day of November, 2020.

*s/ Allison LaPlante*
Allison LaPlante

DECLARATION OF ALLISON LaPLANTE IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS – Page 8